SUMMARY ORDER

Appellant Kim M. Typhair, pro se, appeals the district court’s grant of summary judgment in favor of the defendants, dismissing Typhair’s 42 U.S.C. § 1983 complaint alleging that the defendants deprived her of her property without due process of law in violation of the Fourteenth Amendment. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
This Court reviews an order granting summary judgment de novo, and asks whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, this Court is “required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.” Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir.2003) (internal quotations omitted).
Due process rights may be contractually waived where the waiver is “voluntary, knowing, and intelligently made.” See D.H. Overmyer Co. v. Frick Co., 405 U.S. 174, 186, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972). Here, the waiver provision’s language was clear with regard to the fact that the collateral could be repossessed without notice. Furthermore, the provision was written in plain language, with the key terms defined and sections demarcated by bold headings. With regard to whether the waiver was voluntary, knowing, and intelligent, the facts that Typhair was unrepresented by counsel and that the waiver provision was not specifically negotiated both weigh against the validity of the waiver. Typhair, however, testified at her deposition that she had reviewed the two-page security agreement before signing it and that she believed that she had read it. As was the case in Overmyer, Typhair has not asserted that she was unaware of or did not understand the waiver provision. See id. Tellingly, in her appellate brief she only goes so far as to say that “nowhere in [her] testimony during deposition did plaintiff say she understood what she read, or knew she was waiving any rights.” The district court correctly concluded that no genuine issue of material fact exists as to whether Typhair was adequately informed and thus aware of the Town’s right to take pre-hearing possession of the vehicles pledged as collateral for the loan. For that reason there is no dispute that Typhair waived her rights to such a hearing.
Typhair also claims on appeal that the district court failed to consider her memorandum of law. We find no support in the record for that claim
Finally, with regard to Typhair’s claim on appeal that she did not waive her right to a hearing, that argument was not raised before the district court and is, therefore, waived. See Duamutef v. O’Keefe, 98 F.3d 22, 25 (2d Cir.1996) (“[I]ssues raised for the first time on appeal will not be considered unless consideration of the issue is necessary to avoid manifest injustice or the issue is purely legal and requires no additional fact-finding.”).
*28 We have considered all of Typhair’s remaining arguments and find them to be without merit. There is no basis on which to challenge the judgment of the district court, and it is hereby
AFFIRMED.